UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Roylee Hartfield,

          Petitioner,

vs.                      REPORT AND RECOMMENDATION

State of Minnesota,

          Respondent.        Civ. No. 08-831 (JNE/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

    This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Roylee Hartfield for a Writ of Habeas Corpus under Title 28 U.S.C. §2254. For reasons which follow, we recommend that the Petition for Writ of Habeas Corpus be summarily dismissed with prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."


## II. Factual and Procedural Background

In October of 1989, the Petitioner murdered a man by stabbing him multiple times with a butcher knife.  He was charged with First Degree Murder, but he later entered into a plea agreement, by which he pled guilty to one Count of Second Degree Murder.  On June 4, 1990, the Petitioner was sentenced to 360 months in State prison, which was a 54-month upward departure from the 306-month presumptive sentence that was applicable under the Minnesota State Sentencing Guidelines.[2]  See, <u>Hartfield v. Minnesota</u>, 1994 WL 468077 at *1 (Minn. App., August 30, 1994).  The Petitioner is presently serving his sentence at the Prairie Correctional Facility in Appleton, Minnesota.

The Petitioner did not file a direct appeal after he was convicted and sentenced. However, in April of 1992, he filed a Post-Conviction Motion in the State Trial Court, in which he claimed that his 360-month prison sentence was "unlawful" because of the 54-month upward departure.  See, <u>Petition</u>, <u>Docket No. 1</u>, Attachment at p. 1.  In

---

[2]The Petition suggests that the Petitioner was sentenced to 306 months, rather than 360 months, see, <u>Petition</u>, <u>Docket No. 1</u>, p. (2), §3, however, looking at the Record as a whole, including the attachments to the Petition, and the written decision of the Minnesota Court of Appeals in <u>Hartfield v. Minnesota</u>, 1994 WL 468077 (Minn. App., August 30, 1994), it is apparent that, while the Petitioner believes that his sentence **should have been** only 306 months, the sentence that he actually received was 360 months.

October of 1993, the Petitioner, with the assistance of appointed counsel, amended his Post-Conviction Motion. Id., Attachment at p. 2. On January 6, 1994, the Trial Court denied the Petitioner's Post-Conviction Motion, and upheld his 360-month sentence. Id. The Petitioner appealed that ruling, again with the assistance of counsel.

In a written decision dated August 30, 1994, the Minnesota Court of Appeals affirmed the Trial Court's denial of the Petitioner's Post-Conviction Motion, and upheld his 360-month sentence, see, Hartfield v. Minnesota, supra, and the Minnesota Supreme Court denied the Petitioner's application for further review on October 14, 1994. Id.

On or about January 4, 2007, the Petitioner filed a second Post-Conviction Motion in the Trial Court, which purportedly was brought under Rule 27.03, Minnesota Rules of Criminal Procedure.[3] In that Motion, the Petitioner again tried to challenge the 54-month upward departure portion of his 360-month prison sentence. The Trial Court summarily denied the Petitioner's second Post-Conviction Motion in a two-page Order, which was dated March 22, 2007, and was filed on April 4, 2007.[4]

---

[3]A copy of the Motion is attached to the Petitioner's Petition as Exhibit A.

[4]A copy of the Trial Court's Order is attached to the Petition as Exhibit B.

The Petitioner apparently did not seek further review of that ruling in the Minnesota Appellate Courts.  See, <u>Petition</u>, p. (4), §11(c)(2).

The Petitioner's current Habeas Corpus Petition is dated March 19, 2008, and was received, and filed by the Clerk of Court, on March 24, 2008.  The Petition lists three (3) grounds for relief:

> 1.     That the Petitioner's 360-month prison sentence violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment, because he was not informed that his sentence would include a 54-month upward departure.
>
> 2.     That the Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel, because his attorney did not provide him with competent legal representation during his first State Post-conviction proceedings.
>
> 3.     That the Petitioner's sentence violates the Eighth Amendment prohibition against cruel and unusual punishment.

<u>Petition</u>, pp. (5) - (6), §12.

However, the Petitioner's current claims for Habeas relief must be summarily denied, by reason of the one-year statute of limitations that is set forth in Title 28 U.S.C. §2244(d).[5]

---

[5]Even if this action were not time-barred, none of the Petitioner's current

(continued...)

III. <u>Discussion</u>

A. <u>Standard of Review</u>.  On April 24, 1996, former President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the Federal Habeas Corpus statutes.  One of those changes was incorporated into Title 28 U.S.C. §2244(d), which established a new, one-year statute of limitations for Habeas Corpus Petitions, which are filed by State prisoners who seek a Federal Court's review of a State Court conviction or sentence.  The new provision reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of --

---

[5](...continued)
Federal constitutional claims could be entertained here, because he has never presented any of those claims to the Minnesota Supreme Court, as required by Title 28 U.S.C. §2254(b).  See, <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his [state court] remedies," by fairly presenting his claims to the highest available State Court.).  Having failed to exhaust his State Court remedies as to each of his currently stated Habeas claims, we are not empowered to act upon them.  See, <u>Echols v. Kemna</u>, 511 F.3d 783, 785 (8th Cir. 2007)("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted."), quoting <u>Barrett v. Acevedo</u>, 169 F.3d 1155, 1161 (8th Cir. 1999).

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. §2244(d).

As a consequence, a State prisoner, who seeks Federal Habeas Corpus review from

his State Court conviction or sentence, ordinarily must file his Petition within one (1)

year after his Judgment of conviction "became final by the conclusion of direct

review." Title 28 U.S.C. §2244 (d)(1); see also, Lawrence v. Florida, --- U.S. ---, 127 S.Ct. 1079, 1082 (2007).

The Statute provides that this deadline can be modified if:  1) the prisoner is unable to file his Federal Habeas Corpus Petition in a timely manner because of an impediment that was imposed by the State; 2) the prisoner is relying on some newly recognized constitutional right that is retroactively applicable on collateral review; or 3) the prisoner is relying on some new evidence which could not have been reasonably discovered in time to file a timely Petition.  See, Title 28 U.S.C. §2244(d)(1)(B)-(D).

The statute of limitations also includes a tolling provision, which stops the running of the one-year limitations period while the prisoner is pursuing a "properly filed" application for Post-Conviction relief in the State Courts.  See, Title 28 U.S.C. §2244(d)(2).  Our Court of Appeals has expressly held, however, that the period between the completion of the direct review of the State Court Judgment, and the application for post-Judgment relief, is counted towards the one-year limitation period.  See, Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005); Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853-55 (8th Cir. 2003), cert. denied, 540 U.S. 1060 (2003); Painter v. Iowa, 247 F.3d 1255, 56 (8th Cir. 2001).

- 7 -

B.    <u>Legal Analysis</u>.   Here, there is nothing to suggest that Clauses (B), (C), or (D), of Section 2244(d)(1), would have any applicability.   In other words, there is no indication that the State created any impediment that prevented the Petitioner from seeking Federal Habeas relief within the prescribed one-year limitation period, nor is there any indication that the Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or on any new evidence that could not have been discovered in time to file a timely Petition.   Thus, the one-year statute of limitations began to run here, pursuant to Section 2244(d)(1)(A), when the Petitioner's Judgment of Conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."   See also, <u>Lawrence v. Florida</u>, supra at 1082.

The Petitioner is challenging a Judgment of Conviction, and sentence, that were entered on June 4, 1990.   See, <u>Petition</u>, p. (2), ¶2.   Since the Petitioner did not pursue a direct appeal, that Judgment became final, for statute of limitations purposes, upon "the expiration of the time for seeking such review."   <u>Title 28 U.S.C. §2244(d)(1)(A)</u>. According to Rule 28.02, subd. 4(3), Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases."   As a result, the

deadline for seeking direct appellate review of the Petitioner's conviction and sentence was September 2, 1990, which is 90 days after entry of the Judgment of Conviction, and sentence. Pursuant to Section 2244(d)(1)(A), the one-year statute of limitations should have begun to run on that date.

However, the Eighth Circuit Court of Appeals has held that the limitations period, that is imposed by Section 2244(d)(1), never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996. See, <u>Nichols v. Bowersox</u>, 172 F.3d 1068, 1073 (8th Cir. 1999). Therefore, even though the Petitioner's conviction became final, for purposes of Section 2244(d)(1)(A), in 1990, here, the statute of limitations did not actually begin to run until April 24, 1996. The statute of limitations, therefore, expired one year later -- that is, on April 24, 1997. <u>Id.</u>; see also, <u>Ford v. Bowersox</u>, 178 F.3d 522, 523 (8th Cir. 1999)("In applying §2244(d)(1) to cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions"). However, the Petitioner did not file his current petition until March of 2008, which was nearly eleven (11) years after the limitations period expired on April 24, 1997.

As we have noted, the Habeas Corpus statute of limitations is tolled, pursuant to Section 2244(d)(2), when a prisoner properly commences a Post-Conviction proceeding in the State Court.  The statute remains tolled during the entire period of time that such Post-Conviction proceeding continues to pend in any State Court, including the State Appellate Courts.  See, Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).  Here, the Petitioner filed two (2) Post-Conviction Motions in the Trial Court.  However, neither of those Motions has any bearing on the timeliness of the Petitioner's current Petition.

The Petitioner's first State Post-Conviction proceeding was fully completed on October 14, 1994, when the Minnesota Supreme Court denied his application for further review in the matter.  However, for reasons previously addressed, the Federal Habeas Corpus statute of limitations did not begin to run here until April 24, 1996, which was more than eighteen (18) months **after** the Petitioner's first State Post-Conviction proceedings were fully completed.  Since the Petitioner's first Post-Conviction proceeding was completed before the statute of limitations even started to run in this case, that proceeding obviously had no meaningful tolling effect on the Statute.  Accordingly, the Petitioner's first State Post-Conviction Motion has no bearing on the timeliness of his current Petition.

- 10 -

The Petitioner's second State Post-Conviction Motion also has no meaningful tolling effect, because the statute of limitations had already expired long before that Motion was filed.  As we have noted, the statute of limitations expired on April 24, 1997, and the Petitioner did not file his second State Post-Conviction Motion until January of 2007.  Since the limitations period expired nearly ten (10) years before the Petitioner filed his second Post-Conviction Motion, that Motion could not have tolled the statute.  See, <u>Jackson v. Ault</u>, 452 F.3d 734, 735 (8th Cir. 2006)("The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"); see also, <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000)(State Post-Conviction Motion filed after the Section 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); <u>Cuypers v. Symmes</u>, 2007 WL 1219306 at *3 (D.Minn., April 24, 2007) ("[I]f a petitioner fails to initiate state court proceedings until after the one-year statute of limitations expires, then subsequent state post-conviction proceedings will not toll the statute of limitations because there is no federal limitations period remaining to toll.").

The Petitioner may feel that his second Post-Conviction Motion did not merely toll the running of the Statute, but somehow "reset the clock," thereby giving him a

fresh new one-year limitation period that did not begin to run until his second Post-Conviction proceeding was fully completed.  However, that is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired."  Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1ˢᵗ Cir. 2005)[citations omitted].[6]  Again, the Petitioner's second Post-Conviction Motion had no tolling effect on the statute of limitations, pursuant to Section 2244(d)(2), because he did not file that Motion until long after the deadline for seeking Federal Habeas Corpus relief had already expired.

---

[6]As explained in Sorce v. Artuz, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999):

> The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon.   Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition.  It cannot revive a time period that has already expired.

See also, Lucidore v. New York State Div. of Parole, 1999 WL 566362 at * 4, (S.D.N.Y., August 3, 1999)("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd, 209 F.3d 107 (2ⁿᵈ Cir. 2000), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 1999 WL 246753 at *1 (S.D.N.Y., April 26, 1999)("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

In sum, since the Petition, here, is time-barred, we recommend that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Lastly, the Petitioner's Habeas Corpus Petition was accompanied by several collateral Motions:  1) a Motion for Appointment of Counsel, <u>Docket No. 2</u>; 2) a "Motion To File: Supplemental Documents In Support of Claims," <u>Docket No. 3</u>; 3) a "Motion To File: For Requesting Discovery," <u>Docket No. 4</u>; 4) a "Motion To File: For An Evidentiary Hearing," <u>Docket No. 5</u>; and 5) an Application to proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> ("IFP"), <u>Docket No. 6</u>.  Since this action must be summarily dismissed due to untimeliness, we recommend that all of the Petitioner's collateral Motions be summarily denied as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1.      That the Petitioner's Petition for Habeas Corpus Relief under Title 28 U.S.C. §2254 [Docket No. 1] be summarily dismissed, with prejudice.

2.      That the Petitioner's Motion for Appointment of Counsel [Docket No. 2] be denied, as moot.

3.      That the Petitioner's "Motion To File: Supplemental Documents In Support of Claims" [Docket No. 3] be denied, as moot.

4.    That the Petitioner's "Motion To File: For Requesting Discovery" [Docket No. 4] be denied, as moot.

5.    That the Petitioner's "Motion To File: For An Evidentiary Hearing" [Docket No. 5] be denied, as moot.

6.    That the Petitioner's Application to proceed In Forma Pauperis [Docket No. 6] be denied, as moot.

Dated: April 2, 2008                    s/Raymond L. Erickson
                                        Raymond L. Erickson
                                        CHIEF U.S. MAGISTRATE JUDGE

### N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **April 18, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 18, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.