UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Roylee Hartfield,

        Petitioner,

v.                                    Civil No. 08-831 (JNE/RLE)
                                      ORDER

State of Minnesota,

        Respondent.

This case is before the Court on a Report and Recommendation issued by the Honorable Raymond L. Erickson, Chief United States Magistrate Judge, on April 2, 2008. The magistrate judge recommended that Petitioner's application for writ of habeas corpus be summarily dismissed and that several related motions be denied as moot. Petitioner objected to the Report and Recommendation. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the Report and Recommendation.

Along with his objections, Petitioner requests leave to amend his petition in an unspecified manner. To the extent that this request is part of Petitioner's objections, the Court has considered those objections and adopts the Report and Recommendation, as noted above. To the extent that Petitioner's request may be characterized as a separate motion, the Court denies Petitioner's request for leave to amend. *See Moore-El v. Luebbers*, 446 F.3d 890, 901-02 (8th Cir. 2006) (listing grounds for denial of leave to amend, including "futility of amendment" (quotation omitted)).

An appeal may not be taken from a final order denying a petition under section 2254 without a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A) (2000); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473

(2000), the United States Supreme Court explained how a federal district court should determine

an applicant's eligibility for a COA in a case involving dismissal of a habeas petition on

procedural grounds, rather than on the merits:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . .  Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted.

529 U.S. at 484.  For the reasons set forth in the Report and Recommendation, the petition is

barred by the statute of limitations, a procedural ground.  *See Watts v. Norris*, 356 F.3d 937, 939

(8th Cir. 2004) (classifying the statute of limitations set forth in 28 U.S.C. § 2244(d) (2000) as a

procedural defense).  Jurists of reason would not find this conclusion debatable.  Accordingly,

Petitioner is not entitled to a COA.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1.      Petitioner's application for writ of habeas corpus relief under 28 U.S.C. § 2254 [Docket No. 1] is summarily DISMISSED WITH PREJUDICE.

2.      Petitioner's motion for appointment of counsel [Docket No. 2] is DENIED AS MOOT.

3.      Petitioner's motion to file supplemental documents [Docket No. 3] is DENIED AS MOOT.

4.      Petitioner's motion for discovery [Docket No. 4] is DENIED AS MOOT.

5.      Petitioner's motion for an evidentiary hearing [Docket No. 5] is DENIED AS MOOT.

6.      Petitioner's application to proceed in forma pauperis [Docket No. 6] is DENIED AS MOOT.

7.      Petitioner's motion for leave to amend his petition [Docket No. 10] is
         DENIED.

8.      Petitioner is not entitled to a certificate of appealability.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 6, 2008

                                         s/  Joan N. Ericksen
                                         JOAN N. ERICKSEN
                                         United States District Judge